## HENRY C. ROBBINS vs. GRAUDUS LEWIS.

A feigned issue is the appropriate remedy, and will be ordered, to try the consideration of a judgment given on bond and warrant of attorney, and sought to be set aside on the ground of usury or duress, where the facts in the papers on the motion are conflicting.

*Motion by defendant to set aside the judgment perfected in this cause, and the execution issued thereon for usury and duress.*—Graudus Lewis, the defendant, stated that on or about the 10th January last he confessed a judgment in this court on bond and warrant of attorney, to plaintiff for $400 debt; the penalty in the bond was conditioned for the payment of

$200. The judgment was given on three notes made by defendant to plaintiff, one for forty dollars and interest, dated on or about 1st December, 1844, and due on or about the 15th February, 1845. One other note for forty dollars and interest, due on or about the 15th June, 1845, and one other note for fifty dollars and interest, due in about two months from the date thereof, both of which last mentioned notes were dated on or about the same day that the first was dated. At the time of giving the judgment, defendant gave a consent that execution might issue thereon immediately, with the understanding between the defendant and the plaintiff that a levy might be made upon certain property then and there turned out by defendant in writing to the sheriff of Steuben. And that levy should remain without further proceedings until the expiration of one year, from the time of giving the judgment. And that if at the expiration of one year, the defendant should have paid to the plaintiff the sum of one hundred dollars, then the levy should remain without further proceedings until the expiration of two years from the time of giving the judgment, when the defendant agreed to pay the balance of one hundred dollars and satisfy the execution. The two forty dollar notes were given for a buggy wagon purchased of plaintiff; the fifty dollar note was for a set of harness purchased of plaintiff at forty-five dollars, and the balance of five dollars was for tavern bill, one dollar and fifty cents of which was for liquor had at the bar of plaintiff. On the 6th of January last defendant was arrested upon a warrant issued by a justice of the peace of Penn Yan, Yates county, upon complaint of the plaintiff in this cause, for getting goods under false pretences. Defendant was conveyed to Penn Yan, and the plaintiff agreed not to appear before the justice against defendant if he would confess a judgment of two hundred dollars; and turn out property to be levied upon by the sheriff of Steuben. Defendant asserted that while under such arrest, without counsel and entirely ignorant of his rights he confessed the judgment before stated—consented to the immediate issue of an execution and turned out the property as stated. Defendant then appeared before the justice who had issued the warrant, and no complainant appearing he was discharged. Defendant alleged he did not owe the plaintiff only the amount of the three notes, amounting to one hundred and thirty dollars and interest; that the plaintiff had ordered the sheriff of Steuben to sell the property which was turned out and levied upon, immediately, and satisfy the execution. William H. Lewis and Moses H. Lyon in separate affidavits stated, that plaintiff on or about the 10th January last informed them he had made complaint before a justice against the defendant, and

had caused him to be arrested, that for the purpose of settling the matter the defendant had confessed a judgment to plaintiff for two hundred dollars, that defendant owed to plaintiff only about one hundred and thirty dollars; that plaintiff had agreed not to appear against defendant upon the charge of obtaining goods under false pretences, provided the defendant should confess the judgment before mentioned, and that he had not appeared before the justice, and the defendant had consequently been discharged; plaintiff further informed them that he had agreed to wait on defendant for one hundred dollars of the judgment one year, and for the balance two years, if defendant would by writing turn out sufficient property to the sheriff to be levied upon to secure the judgment of two hundred dollars. And plaintiff also informed them that defendant had agreed to the immediate issuing of the execution upon the judgment and had turned out sufficient property to secure the judgment. Henry C. Robbins, the plaintiff stated that the defendant was justly indebted to him *in the sum of* two hundred and five dollars, as follows: a buggy wagon eighty dollars, new two horse harness, forty-five dollars, an account for transient board and lodging and horse keeping at the tavern of plaintiff twenty dollars, and an account for the use and expenses of plaintiff's double team and man to drive the same for twelve days at five dollars per day. On the 10th January last plaintiff and defendant liquidated and agreed upon the sum at two hundred dollars as the sum justly due plaintiff, and for which defendant confessed judgment as before stated. Plaintiff stated he never had any note for fifty dollars against defendant, but had two notes of forty dollars each, as before mentioned. Plaintiff denied that he agreed to wait upon defendant for any particular time, without further proceedings after the issuing of the execution, but the defendant promised plaintiff that as soon as the levy should be made, he would get his brother, Wm. H. Lewis, to purchase the judgment of plaintiff, or in some other manner arrange the matter so that plaintiff could obtain the amount of the judgment in a few days. Plaintiff waited several weeks and hearing nothing of defendant, he directed the sheriff to proceed with the execution. Plaintiff stated that at the time of the confession of said judgment, the defendant was under no arrest or duress, nor did plaintiff then agree not to prosecute defendant for false pretences or any other crime, nor was it upon any such condition that the judgment was confessed. Plaintiff also stated that soon after the purchase by defendant of said wagon and harness, defendant absconded or went away from his home with the wagon and harness and sold them for less than one third their value, as plaintiff was

informed at which time the family and friends of the defendant reported defendant as worthless, and that he had no property, and did not own the farm where he resided; which was contrary to the representations made by defendant to plaintiff at the time of the purchase of said wagon and harness, and upon which representations plaintiff was induced to sell the same on a short credit to defendant. Plaintiff believing the reports, caused the defendant to be arrested as before stated; after which plaintiff became convinced that no prosecution for any offence could be sustained, and that defendant's family and friends had circulated such reports merely to prevent defendant from obtaining credit; plaintiff then abandoned the complaint and so informed defendant before the confession of judgment. Plaintiff denied that he ever gave William H. Lewis and Moses H. Lyon the information which they stated in their affidavits as communicated to them respectively by plaintiff or any words to the effect thereof. Plaintiff also stated that there was no part of the consideration of the judgment, for liquor sold to defendant at plaintiff's bar. Cornelius B. Ackerman, who was a bar keeper of plaintiff, stated he knew all about plaintiff's accounts and business, that there was no charge or claim for liquor sold to defendant in the account due plaintiff from defendant. Ackerman also corroborated the statement of plaintiff as to the amount of the account, the items composing the consideration and the amount liquidated and settled upon at the time of giving the judgment, to wit, two hundred dollars: the whole claim was two hundred and five dollars. Samuel Chissam, the constable who arrested defendant, stated that he arrested defendant on the 6th of January, and he was discharged on the 7th January from the custody of the constable, and was not afterwards in his custody.

S. H. HAMMOND, *Defts Counsel.* R. B. VAN VALKENBURGH, *Defts Atty.*
A. TABER, *Plff's Counsel.* J. S. GLOVER, *Plff's Atty.*

JEWETT, Justice.—Order a feigned issue to try the *consideration* of the judgment entered on the bond and warrant of attorney, and drew up the order for the parties, as follows : " It is ordered that a feigned issue be granted to try the validity of the said judgment, and that all further proceedings on said judgment or upon any execution which may have been issued thereon be stayed until the further order of this court, that the attorney of the said defendant prepare the record for the trial of said issue laying the venue in the county of Yates, and furnish a copy thereof to the attorney for the plaintiff, and the said defendant to be the plaintiff therein, and if the said attorney for the plaintiff in this suit shall object to the form thereof, he shall signify it by a notice in writing to the attor-

ney for the defendant in this suit who gave notice of this motion in behalf of said defendant, in ten days after said copy shall be so furnished, and in that event the same shall be settled by a judge of this court on notice given to the attorney for the plaintiff in this suit within ten days thereafter. It is further ordered that said issue may be tried at the next circuit court, to be held in the county of Yates, after said issue shall be made and settled, and that on such trial the said Robbins be in the first instance required to prove the several items of his demand which made up the sum of the condition of the bond upon which the judgment was confessed, with the particular time and times when and also how such indebtedness accrued, and shall also be required to produce on such trial the said bond upon which said judgment was so confessed. The costs to abide the event of this suit."